CHARLES P. DEWEY

*v.*

THE CHICAGO AND MILWAUKEE ELECTRIC RAILWAY CO.

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

1. STREET RAILWAYS—*power of condemnation conferred by the act of 1889 is not general.* The power of condemnation conferred upon street railway companies by section 1 of the act of 1899 (Laws of 1899, p. 331,) is not a general one, but is limited to cases where a necessity to resort to private property exists, which necessity must appear upon the face of the condemnation petition.

2. SAME—*municipal authorities cannot confer power on street railway to condemn private property.* A municipal corporation may authorize or refuse the use of its streets and alleys by a street railway company, but cannot, by consenting to the location of a street railway across private property, confer power on the company to condemn such property for right of way.

3. SAME—*ordinance fixing route over private property does not create a necessity.* The fixing, by ordinance, of a route for a street railway company over private property does not, of itself, establish a necessity for condemning the property along the route specified.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is a petition, filed on March 20, 1899, by the appellee company for the purpose of condemning land belonging to the appellant, situated near Lakeside, a station on the Northwestern railroad in the village of Glencoe in Cook county about sixteen miles north from Chicago, and near the shore of Lake Michigan. The appellant here, the defendant below, denied that the premises, owned by him and sought to be comdemned, were necessary to be acquired by the petitioner for the purposes of its railroad.

The appellant made a motion to dismiss the petition to condemn for certain reasons set forth in the motion itself, and accompanied the motion by certain affidavits in support thereof. The motion to dismiss was overruled, and exception was taken to the order of the court overruling it.

Trial was then had, and testimony, documentary and oral, was introduced by both sides. The jury returned a verdict, finding $1752.00 as compensation for the taking of the property condemned, and also for damages to the portion of the lots not taken.

Motion for a new trial was made and overruled. Judgment was entered on the verdict against the respondent. The present appeal is taken from the judgment of condemnation, so entered by the circuit court.

The petition avers, that the petitioner, the appellee herein, is a corporation organized under the general act concerning corporations, passed in 1872, and the acts amendatory thereof; that the appellee was so organized under the name of the North Shore Inter-urban Railway Company, which name, by an amendment of the articles of incorporation, was changed to the Chicago and Milwaukee Electric Railway Company; that the object, for which the appellee corporation was formed, as stated in the amendment to its charter, is to "locate, construct, acquire, maintain and operate lines of street railway, and to produce and dispose of electrical currents for heat, light and power and other purposes," in Lake and Cook counties; that the Bluff City Electric Railway Company is a corporation organized under the act of 1872 and acts amendatory thereto, and that the said last named corporation was formed, as stated in its certificate, "to locate, construct, maintain and operate electric street railroads in the several townships, cities and villages of the counties of Lake and Cook, Illinois;" that, under an ordinance of the village of Glencoe, passed on April 26, 1898, there was granted to the Bluff City Electric Railway Company, its successors and assigns, permission and authority to locate, construct, lay down, maintain and operate a system of street railway lines upon, over and across certain streets, parts of streets and public property in said village of Glencoe; that the "said ordinance further provided for the location of lines of railway of

the Bluff City Electric Railway Company, its successors or assigns, upon, over and across private property in the said village of Glencoe;" that the said Bluff City Electric Railway Company assigned all its rights under and interest in said ordinance to the appellee.

By section 1 of said ordinance, which is set out in full in the petition, permission is granted "to locate, lay down, construct, maintain and operate a single or double track street railway within and through the village of Glencoe, from the south to the north corporate limits thereof, and with the right to connect with other street railway tracks, owned or operated by the said company, its successors or assigns, in, upon, over and along the following named streets and parts of streets in the village of Glencoe, viz.: On Hubbard street from the south corporate limits of the village of Glencoe to the south line of Scott avenue, (called also Central avenue,) and across Scott avenue; thence northwesterly on private property to the south line of South street, and across South street; thence on private property to the north line of Mary street, and across Mary street; thence on private property to the north line of Wentworth street, and across Wentworth street; thence on private property to the south line of Harbor street, and across the alley between Wentworth street and Harbor street, and across Harbor street; thence across private property to the point about two hundred and twenty feet south of the south line of South avenue, where the westerly line of the Green Bay road joins the easterly line of the right of way of the Chicago and Northwestern railway; thence upon and along the westerly side of the Green Bay road to the north line thereof east of the Chicago and Northwestern railway, at or near the south line of the north half of the south half of fractional section 6, etc.; thence on private property to the north corporate limits of the village of Glencoe."

The petition then avers that under the act in regard to street railroads and to repeal certain acts therein re-

ferred to, approved and in effect March 7, 1899, the peti-
tioner is authorized and empowered to enter upon and
appropriate any property necessary for the construction,
maintenance, and operation of its railroad with all neces-
sary sidings, side-tracks and appurtenances, and to take
or damage private property for the same under the law
for the exercise of the right of eminent domain; that un-
der said ordinance it is necessary to acquire for the pur-
poses of its railroad the premises hereinafter described
(which belong to appellant,) lying between Scott or Cen-
tral avenue on the south and South street on the north,
easterly of and adjoining the right of way of the Chicago
and Northwestern Railway Company, being part of the
line described in section 1 of said ordinance; that said
property is described as follows: All that part of lots
2, 3, 4, 5 and 6 in the Lake View block in the village of
Glencoe, lying westerly of a line forty feet easterly of
and parallel with the easterly line of the right of way
of the Chicago and Northwestern Railway Company, said
lines being owned by appellant.

The motion, made to dismiss the petition, assigned, as
reasons therefor, that the appellee company is a street
railway company incorporated for the purpose of build-
ing an electric street railroad under the general incorpo-
ration laws of the State, and is not thereby authorized or
entitled to condemn the land of the appellant under the
Eminent Domain act, or any law of the State in the man-
ner and for the purpose shown in the petition; also that
the land of the appellant is not shown or alleged in the
petition to be, and is not, abutting on any alley, street,
road, highway or public ground upon which said railway
is proposed to be constructed, and is not necessary for
the construction, maintenance or operation of said rail-
way, or necessary sidings, side-tracks or appurtenances
thereof; also that the said ordinance is *ultra vires* and
void to the extent that it is alleged to give consent to the
location and construction of the said proposed railway

over and upon private property in the said village; also that the said ordinance is void as being in contravention of the limitation of section 3 of said act of March 7, 1899, inasmuch as the consent of the municipality is for the term of twenty-five years, instead of twenty years; and also that the said ordinance does not constitute or furnish the consent of the corporate authorities of said village, that said petitioner shall have the right to locate and construct its road continuously along or upon any street or alley or over any public ground in said village; and that the petitioner has not acquired the consent of said authorities to the location and construction of its railway over any continuous line through said village, within the power of said village authorities to grant the same, under the terms of said section 3.

MERRIAM & HOLLAND, for appellant.

GARDNER & BURNS, (WOOD & OAKLEY, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellee in this case, the Chicago and Milwaukee Electric Railway Company, was organized for the purpose of constructing and operating lines of street railway. It is nothing more than such a street railway corporation as is contemplated by the Horse and Dummy Railroad act, approved March 19, 1874, in force July 1, 1874. Indeed, the petition, filed by the appellee, claims the right to exercise the powers therein mentioned under the act of March 7, 1899, in regard to street railroads, which is not, in terms, materially different from the Horse and Dummy Railroad act of 1874, so far as the questions here involved are concerned. (Sess. Laws of Ill. 1899, p. 331). In addition to this, the village ordinance, under which appellee professes to act, is entitled an ordinance

granting permission to lay down and operate "a street railway upon, over and along certain streets in the village of Glencoe."

The property, which the appellee seeks to condemn, is a strip of ground forty feet wide and eight hundred and seventy-six feet long, lying next to and parallel with the right of way of the Chicago and Northwestern Railway Company. The strip in question is a part of lots 2, 3, 4, 5 and 6, belonging to the appellant, and is upon the west ends of those lots, which come up to and abut upon the said railroad right of way. The strip in question, thus sought to be condemned, lies between Scott or Central avenue on the south and South street on the north in the village of Glencoe, and is distant several hundred feet from any street, which runs parallel with it, or in the same direction with it. The petition does not represent, that the strip sought to be condemned is required for turn-outs, spurs, side-tracks, or for any other purpose than a right of way. The petition seeks to condemn private property for a right of way for a street railroad, without showing, in the petition or by proof, that the property sought to be condemned is necessary for the construction and maintenance of the street railroad. The petition does not show, that appellant's land is necessary for the use of appellee or of its road, or that the road could not have been built and operated on established streets in the village; and it does not appear that the land sought to be condemned is required on account of any obstruction of any kind in the way of the construction of a street railroad.

In *Harvey* v. *Aurora and Geneva Railway Co.* 174 Ill. 295, we held that street, horse and dummy railroads do not possess the same powers of eminent domain, as are given by the statutes to railroads, organized under the acts relating to railroad companies; that a street railway, organized under the general Incorporation act of 1872, has no power, under that act, to condemn private prop-

erty, the only power in that regard being conferred by the Horse and Dummy Railroad act of 1874; that, under the latter act, a street, horse or dummy railway company may only condemn such private property as is necessary for side-tracks, station grounds, etc., or, in case of an obstruction, may condemn a right of way around the same, returning again to the street or highway; and that a street railway cannot, without reason, abandon the highway on which it is authorized to lay its road, and condemn a right of way over private property. A street railroad is built to accommodate street travel, and it has no use for private property, except so far as it may need the same for a side-track, turn-out, or a station, or as an incident to its main line. The necessity for its condemnation of property must be a necessity, which is incidental to the main purpose of the line along the street, accommodating street travel. Street railways are railways on or upon the streets of a city or town. They have no right to diverge from the street, and condemn private property, unless some obstruction or conformation of the surface of the ground makes such divergence necessary, in order to avoid discomfort or danger to the traveling public. A street railway may not, like a steam railway, locate its route, in order to reduce time and distance for passengers traveling from town to town across the country. Such location of its route is not for the accommodation of local travel on the highways or streets, and, therefore, involves a perversion of the character and object of street railways.

The appellee was not at liberty, in the construction of its road, to leave the public road or street whenever it saw proper to do so, and take private property against the will of the owner. If difficulties or obstructions are encountered, which render it impracticable to construct the street railway in the street, a necessity may arise within the meaning of the act of March 7, 1899, (Sess. Laws of Ill. 1899, p. 331,) which will authorize the com-

pany to leave the street and go upon private property, until the difficulty encountered is overcome, when return may be made to the highway or street. So, also, if sufficient land cannot be had in the streets for side-tracks, turn-outs, and stations, and the same are necessary for a successful operation of the road, the company will have the right, under the law, to resort to private property. In other words, the power conferred by section 2 of the act of March 7, 1899, which is the same as section 2 of the Horse and Dummy act quoted in *Harvey* v. *Aurora and Geneva Railway Co. supra*, is not a general power of condemnation, but is limited to cases where a necessity for resort to private property is shown to exist. Such necessity must appear upon the face of the petition to condemn. (*Aurora and Geneva Railway Co.* v. *Harvey*, 178 Ill. 477).

In the case at bar, the appellant, in support of his motion to dismiss the petition to condemn, introduced several affidavits, showing that the condemnation of appellant's property was not necessary to the maintenance and operation of appellee's railroad upon the streets of the village of Glencoe. These affidavits show, that there was a continuous line of streets, susceptible of being used as a right of way for a street railroad, between the south and north corporate limits of the village and on both sides of the right of way of the Chicago and Northwestern Railway Company; and, according to the affidavits thus presented by the appellant, there was no substantial difficulty in constructing and operating appellee's railroad in one or more of the streets of the village. Appellee introduced no affidavits or other proofs for the purpose of contradicting the showing made by the appellant's affidavits. In other words, appellee gave no sufficient reason for leaving the streets of the village and condemning private property, nor did it introduce any evidence, on the hearing of the motion to dismiss, to establish a necessity for leaving the streets and resorting

to private property. The facts of this case, therefore, bring it within the scope of the doctrine laid down by this court in *Harvey* v. *Aurora and Geneva Railway Co. supra*, and *Aurora and Geneva Railway Co.* v. *Harvey, supra.*

It is claimed, however, by appellee that its petition refers to and sets out section 1 of the ordinance of April 26, 1898, and that the petition shows a necessity for the taking of the appellant's property by reason of setting up the provisions of said ordinance. The contention of appellee is, that the provisions of section 1 of the ordinance create a necessity for the taking of appellant's property, and that it was unnecessary for it to introduce any other evidence of such necessity than the ordinance itself. This position cannot be maintained. The corporate authorities of the village of Glencoe had no authority to authorize a condemnation of private property. The authority to condemn comes from the State, and must be derived from the statutes of the State. The village authorities may refuse to consent to the use of their streets and alleys by a street railway corporation, but their consent or refusal to the use of their streets is the extent of their power. They control the streets, alleys and public grounds of the village, but they do not control private property. Any attempt of the village authorities, by consenting to a particular location of a street railroad across private property, to cause the street railroad to diverge from the streets, alleys and public grounds under their control, is void, and confers no right and creates no necessity.

The contention of appellee finds no support in the case of *Tudor* v. *Rapid Transit Railroad Co.* 154 Ill. 129. The petition in that case was filed under the provisions of the general Railroad law, and was not subject to the limitations of the Horse and Dummy act. The *Tudor case* does not construe, or refer to, or consider the Horse and Dummy act. In the *Tudor case* it was said (p. 132): "It is a condition precedent to the construction of a railroad

upon or across a public street in a city, that the assent of the city corporation must first be obtained.   But the right and the power, which the railroad company has to condemn private property within the limits of the city, are derived from the State and by virtue of its organization under the statute, and not from the city authorities and by force of municipal ordinances.   And so the rule under our present legislation is, that it is not necessary as a condition precedent to the location by a railroad company of its road within a city or to its construction of such portions of its line as are not within, upon or across a street, or to the exercise of the power to condemn private property for the purposes of its construction, that an ordinance should be passed by the city council either providing for the location of the road, or giving assent for its construction upon or across the streets of the city, or any of them."

The *Tudor case* cannot be regarded as an authority for the position, that a village ordinance may impose a necessity upon a street railway company to abandon the streets of the village, and go upon and over private property with authority to condemn the same.   The recital of an ordinance of that character in the petition does not show, that private property is necessary for the construction of a railroad, so as to give jurisdiction to the courts to condemn said private property under the Horse and Dummy act.   The naming of a route for a street railroad under a village ordinance over private property does not create or establish a necessity to follow the line indicated by such ordinance.   Such an ordinance certainly cannot create a necessity when none exists.

We are of the opinion that the court below erred in not sustaining the motion to dismiss the petition.   Accordingly, the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*